Pennington J.
— The errors assigned in this case, are either not supported by the record, or if true, not material, except the second, which goes to the insufficiency of the state of demand. The state of demand is in substance, that the plaintiff, the defendant, and one Jacob Ridgwhy, were joint owners of a sloop, and that the defendant sold or lent the anchor and cable belonging to the sloop, without the *527 knowledge or consent of the plaintiff; that the sloop went adrift for the want of the anchor and cable, and was lost in the ice, with a boat belonging to her. It is also .stated that the plaintiff was kept out of possession of the sloop, but not by whom; I therefore think that circumstance out of the case. The action is not brought for the money arising from the sale of the anchor and cable, but for a loss of a sloop and boat, as a consequential injury growing out of the parting with the anchor and cable. One partner cannot maintain an action against another partner, on the ground of an imprudent and unwise management of the partnership property; no fraud or corruption is alledged; nor does it appear but the other partner, Ridgway, was consenting to the parting with the anchor and cable. I am of opinion that the state of demand does not raise a sufficient ground to support an action; and that the judgment of the justice be reversed.
The other Judges concurring,
Judgment was reversed, (a)

 Culpable neglect in a partner, makes him liable to the other, but he is only to take care of the joint property as of his own, 1 Halst. 434.